**DOBYNS LUMBER COMPANY, a corporation, d/b/a Clarence Lumber Company, Plaintiff-Appellant,**

v.

**Floyd SCHOONOVER, Administrator of the Estate of James C. Maupin, Deceased, et al., Defendants-Respondents.**

**No. 34284.**

Missouri Court of Appeals, St. Louis District.

March 28, 1972.

Rolin T. Boulware, Shelbina, for plaintiff-appellant.

Bollow, Crist & Bollow, Shelbina, for defendants-respondents.

CLEMENS, Judge (Commissioner when cause submitted).

Plaintiff (Dobyns) sued defendant as executor of its customer (Maupin) for the $299.66 balance of his account and for a materialman's lien on Maupin's real estate.[1] The trial court, sitting without a jury, gave Dobyns a money judgment for the full amount of its account but allowed a lien for only $136.20. This was $163.46 short of the lien Dobyns sought and repre-

sented three items charged to Maupin's account in 1968, two years before the last item furnished in 1970.[2]

In a pre-trial colloquy counsel agreed Mr. Maupin ordered each item on the account for the repair of his home, the charges were reasonable, the unpaid balance was $299.66 and the lien procedures were timely and proper. The only issue is whether the three excluded charges were separate accounts or part of one running account.

Mr. Maupin opened his charge account with a $3.00 purchase from Dobyns in January, 1968. Thereafter at rather regular intervals Mr. Maupin made 16 purchases, including the three items excluded from the lien. Twice items were returned for credit. At regular monthly intervals he made payments on his account but it was never paid up. Dobyns posted each charge and credit in its accounts receivable ledger. Mr. Maupin made the last purchase on April 30, 1970, five months before Dobyns gave notice and filed its lien statement.

This case is ruled by Badger Lumber Co. v. W. F. Lyons Ice & Power Co., 174 Mo. App. 414, 160 S.W. 49 [3–5]: "There is no doubt but that the account in this case was a running account. It was a mutual account between buyer and seller in which was charged from time to time, as ordered, the materials sold, and on which was entered the various credits to which the seller was entitled by reason of payments made and articles returned. . . . [U]nless there is evidence to show a separate and distinct contract as to the last items, the account will be taken and considered, as it appears to be, a running account arising under and by virtue of the contract out of which the account originally grew." There being no evidence of sep-

---

1. § 429.010, V.A.M.S.: "Every mechanic or other person, who shall do or perform any work or labor upon, or furnish any material, fixtures, engine, boiler or machinery for any building, erection or improvements upon land, or for repairing the same, under or by virtue of any contract with the owner . . . shall have . . . a lien."

2. $125 cost of laying carpet, $2 for carpenter work, and $35.40 for a wall mirror.

arate and distinct agreement as to any items, we hold Maupin's account with Dobyns was a running account. *Badger* continues: "A running account is deemed an entire contract, and, for the purpose of fixing the time for filing the account to perfect a mechanic's lien, each item of the account relates to the last item delivered."

Dobyns was entitled to a lien for its account in full. The judgment is reversed and the cause remanded with instructions to enter a new judgment and lien for $299.66 plus six per cent interest from April 30, 1970.

PER CURIAM:

The foregoing opinion by CLEMENS, J., a Commissioner when the cause was submitted to the court, is adopted as the opinion of this court.

Accordingly, the judgment is reversed and the cause remanded with instructions.

BRADY, C. J., and DOWD, SMITH, SIMEONE and WEIER, JJ., concur.